**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIUZHEN MOU, | No. 12-72274 |
| Petitioner, | Agency No. A088-293-197 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Liuzhen Mou, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Mou's written statement and testimony regarding her alleged mistreatment by police. *See Shrestha*, 590 F.3d at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). The agency reasonably rejected Mou's explanations for the inconsistency. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Further, substantial evidence supports the agency's determination that Mou failed to provide sufficient corroboration for her claim. *See Ren v. Holder*, 648 F.3d 1079, 1089-94 (9th Cir. 2011). We reject Mou's contention that she was not given an opportunity to explain why she was unable to provide evidence corroborating ownership of the property in question. *See id*. at 1094. We also reject Mou's contention that the BIA failed to consider adequately her fine receipt. Accordingly, Mou's withholding of removal claim fails.

12-72274

Finally, Mou does not raise any arguments in her opening brief regarding the agency's denial of her CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**